STRUCTURAL STEEL AND ORNA-MENTAL IRON ASSOCIATION OF NEW JERSEY, INC.

v.

SHOPMEN'S LOCAL UNION NO. 545 OF the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND OR-NAMENTAL IRON WORKERS and United States of America.

Appeal of SHOPMEN'S LOCAL UNION NO. 545 OF the INTERNATIONAL AS-SOCIATION OF BRIDGE STRUCTUR-AL AND ORNAMENTAL IRON WORKERS.

No. 72–1281.

United States Court of Appeals, Third Circuit.

Argued April 2, 1973.

Decided May 3, 1973.

Joseph A. Clarken, Jr., Fox, Schackner, Neagle, Mastrangelo & Gassert, Newark, N. J., Harlington Wood, Jr., Acting Asst. Atty. Gen., Herbert J. Stern, U. S. Atty., Morton Hollander, William E. Nelson, Stanley D. Rose, Winston E. Miller, Attys., Dept. of Justice, for appellants.

Thomas V. Jardine, Jardine & Morrice, Newark, N. J., for appellee.

Before ROSENN and HUNTER, Circuit Judges, and BECHTLE, District Judge.

## OPINION OF THE COURT

PER CURIAM:

■ The pivotal issue presented in this appeal is whether the district court exceeded the proper scope of judicial review of a labor arbitration award in vacating that part of an arbitrator's opinion and award which precluded and prohibited the appellee from applying to the Pay Board and prosecuting a wage challenge under Pay Board Regulation § 201.14, 6 C.F.R. § 201.14. Appellant does not argue for reversal on the ground that the district court misinterpreted § 201:14, but instead it contends that Judge Garth had no authority to interfere with the arbitrator's decision with respect to how this regulation affected the collective bargaining agreement. We disagree. Since the district court determined that the Pay Board regulations, including without limitation § 201.14 thereof, created a federal right in appellee to secure a review of its existing contract by the Pay Board, and since the district court also found that appellee could exercise this right irrespective of the provisions of the collective bargaining agreement, we believe that the district court could properly conclude that the arbitrator in this case should not have denied appellee access to the Pay Board. *See* 9 U.S.C. § 10(d) [1] and San Martine Compania De Navegacion v. Saguenay Terminals Ltd., 293 F.2d 796 (9th Cir. 1961). We emphasize that our holding is limited to the finding that, in view of the district court's interpretation of the Pay Board regulations, it had the power to vacate that part of the arbitrator's decision which ordered appellee not to prosecute a wage challenge before the Pay Board.

[1]. 9 U.S.C. § 10(d) provides in pertinent part:
"In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
\* \* \* \* \* \*
"(d) Where the arbitrators exceeded their powers. . . . ."

The United States, which was joined as a party in the district court on the motion of plaintiff-appellee, contends that the Temporary Emergency Court of Appeals has exclusive jurisdiction over this appeal under § 211 of the Economic Stabilization Act of 1970, 85 Stat. 743 (1971).[2] However, as we have already noted, appellant does not ask this court to consider the district court adjudication on its merits but only raises "a single issue, namely, the proper scope of judicial review of a labor arbitration award."[3] Consequently, since we are not called upon to construe the Economic Stabilization Act of 1970 or any regulation promulgated thereunder, it is clear that we do have jurisdiction to decide this appeal.

The judgment of the district court will be affirmed.

2. Section 211 provides in pertinent part:
"(a) The district courts of the United States shall have exclusive original jurisdiction of cases or controversies arising under this title * * *
"(b) (1) There is hereby created a court of the United States to be known as the Temporary Emergency Court of Appeals * * *
"(2) Except as otherwise provided in this section, the Temporary Emergency Court of Appeals shall have exclusive jurisdiction of all appeals from the district court of the United States in cases and controversies arising under this title * * *"

3. Reply Brief of defendant-appellant at page 8. See Brief of defendant-appellant at pages 1 and 16.